# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS WILLIAMS,** | : | **CIVIL NO. 1:18-CV-2311** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Demetrius Williams ("Williams"), an inmate confined at the Federal Correctional Institution, Allenwood, Pennsylvania. (Doc. 1). Williams challenges his conviction in the United States District Court for the Southern District of New York. (Id.) Williams requests that this court vacate his federal conviction in the Southern District of New York, and immediately release him from custody. (Id.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

I. **Background**

On September 20, 2012, an indictment was filed in the United States District Court for Southern District of New York charging Williams with being a felon in possession of a firearm, intentionally and knowingly possessing with intent to distribute a controlled substance, namely crack cocaine, and knowingly using and carrying a firearm in relation to a drug trafficking crime. See United States v. Williams, No. 7:12-cr-726 (S.D.N.Y.), Doc. 7.

On May 8, 2014, Williams pled guilty to the lesser included offense for count two, and to count three, in accordance with a written plea agreement. Id. at Doc. 28.

On November 5, 2014, Williams was sentenced in the Southern District of New York to 77 months for count two, to be followed the mandatory consecutive sentence of 60 months for count three, for a total sentence of 137 months' imprisonment. Id. at Docket Entry dated November 5, 2014. On November 10, 2014, Williams filed a notice of appeal with the Second Circuit Court of Appeals. Id. at Doc. 37. On July 13, 2016, the Second Circuit affirmed Williams' conviction. Id. at Doc. 38.

On June 1, 2017, Williams filed a motion to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255 in the Southern District of New York. Id. at Doc. 39. Williams' section 2255 motion remains pending in the United States District Court for the Southern District of New York. See id.

On December 3, 2018, Williams filed in the instant federal habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000);

Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

Williams' present claims fall within the purview of § 2255. Williams previously filed a § 2255 motion with the sentencing court raising the same claims. That motion remains pending with the sentencing court. In the present case, Williams fails to indicate in any manner that § 2255 is inadequate or ineffective. See Cradle, 290 F.3d at 539 (petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (nonprecedential) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the instant petition will be dismissed for lack of jurisdiction.

A separate order shall issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     December 18, 2018